United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT SCOTT,<br>Plaintiff,<br>v.<br>DEPUTY LATAVIA,<br>Defendant. | Case No. 26-cv-00391-JSC<br><br>**ORDER OF DISMISSAL** |

Plaintiff was an inmate at the San Francisco County Jail proceeding without an attorney when he filed this civil rights action under 42 U.S.C. § 1983. As explained in the Order Directing Plaintiff to Update Address dated August 18, 2026:

> Plaintiff, an inmate in the San Francisco County Jail proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983. On May 1, 2026, the order granting him leave to proceed in forma pauperis was mailed to him at the address and with the inmate locator number he provided in his complaint. (ECF Nos. 1, 5.) On May 14, 2026, the order was returned by the postal service because the mail could not be delivered to him at the address he provided.[1] (ECF No. 6.) Plaintiff did not update his address with the court, so on June 9, 2026, the order of service was mailed to him at the same address, and on July 7, 2026, it was also returned as undeliverable by the postal service. (ECF Nos. 7, 9.) Plaintiff has not updated his address nor made any contact with the Court in more than seven months.

(ECF No.13 at 1 (footnote in original).) The Court therefore ordered Plaintiff as follows:

> On or before September 15, 2026, Plaintiff shall provide a current valid mailing address and any identification number necessary for him to receive mail. **The failure to do so may result in the dismissal of this case under Civil Local Rule 3-11 or Rule 41(b).**

(*Id.* at 2 (emphasis in original).) The order was returned by the postal service as undeliverable on

[1] The returned envelope bears handwritten notation "NIC," which may stand for "not in custody.

August 26, 2026. (ECF No. 14.)[2] Plaintiff has still not provided the Court with his current address or made any contact with the Court.

Pursuant to Northern District Civil Local Rule 3-11:

> (a) **Duty to Notify.** An attorney or a party proceeding pro se whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address.
>
> (b) **Dismissal Due to Failure.** The Court may, without prejudice, dismiss a complaint or strike an answer when:
>
> (1) Mail directed to the attorney or pro se party by the Court has been returned to the Court as not deliverable; and
>
> (2) The Court fails to receive within 60 days of this return a written communication from the attorney or pro se party indicating a current address.

Civ. L.R. 3-11; *see also Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal with prejudice of pro se prisoner's complaint for failing to notify court of his change of address despite local rule providing that case be dismissed without prejudice because any lesser sanction would impose affirmative obligation for district courts to track down pro se prisoners).

In addition, Federal Rule of Civil Procedure 41(b) allows the involuntary dismissal of an action or a claim for "failure of the plaintiff to prosecute or comply with these rules or any order of the court." A district court may sua sponte dismiss an action pursuant to Rule 41(b). *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962). But such a dismissal should be only when the failure to comply is unreasonable. *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991).

Plaintiff has not provided his current address for mailing as required by Civil Local Rule 3-11(a). Plaintiff has been given the opportunity and time to explain and correct this failure, but he has failed to do so. It has been more than 60 days since Plaintiff's mail was first returned as undeliverable due to his address being incorrect, which provides grounds for dismissal under Civil Local Rule 3-11(b). There are also grounds for dismissal of this case under Rule 41(b) because Plaintiff has not complied with the orders to maintain his current address (*see* ECF No. 7 at 6:13-

[2] The Clerk also mailed Plaintiff the order reassigning this case from Magistrate Judge Cisneros to the undersigned District Judge to his county jail address on August 14, 2026, and the postal service returned it as undeliverable on August 31, 2026. (ECF Nos. 12, 15.)

United States District Court
Northern District of California

20; ECF No. 13 at 2:15-17), and he has made no contact with the Court to provide a reasonable explanation for this lack of compliance.

Accordingly, pursuant to Civil Local Rule 3-11(b) and Rule 41(b) of the Federal Rules of Civil Procedure, this case is DISMISSED without prejudice to refiling in a new case in which Plaintiff provides and maintains his correct address.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: October 5, 2026

JACQUELINE SCOTT CORLEY
United States District Judge